IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HELEN L. PALKO, | : | |
| Plaintiffs, | : | C.A. No.: 06 109 - |
| v. | : | |
| | : | **JURY OF SIX DEMANDED** |
| GORDON PEPPER and KATHLEEN PEPPER, | : | |
| Defendants. | : | |

## COMPLAINT

### PARTIES

1. Plaintiff, Helen Palko, is an individual who resides at 1733 Windsor Avenue, Lancaster, Pennsylvania 17601.

2. The defendants, Gordon Pepper and Kathleen Pepper, are husband and wife who reside at 45 Clendaniel Avenue, Selbyville, Delaware 19971.

### JURISDICTION

3. Paragraphs 1 through 2 are incorporated herein by reference.

4. Jurisdiction is conferred pursuant to 28 U.S.C. §1332(a)(1) and 28 U.S.C. §1332(c)(1) as the amount in controversy exceeds $75,000.00 and the action is between citizens of different States. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a), as this is the judicial district where the act complained of occurred.

### FACTUAL ALLEGATIONS

5. Paragraphs 1 through 4 are incorporated herein by reference.

6. On or about April 12, 2004, at approximately 9:00 a.m., the plaintiff, Helen Palko, was operating her vehicle in the left hand lane of northbound Delaware Route 113 near the intersection of Gov. Stockley Road, in Georgetown.

7. At the aforementioned time and place, Lynn Farren was operating her vehicle in the right hand lane of northbound Delaware Route 113, directly behind a motorcycle operated by Paul R. Farren, when the defendant, Kathleen Pepper, operating a vehicle owned by the defendant, Gordon Pepper, while under the influence of alcohol, entered the right hand lane from the shoulder of northbound Delaware Route 113, nearly striking Paul R. Farren's motorcyle.

8. At the aforesaid time and place, Lynn Farren applied her brakes and steered towards the left lane of Route 113, in an effort to avoid colliding with the vehicle operated by defendant, Kathleen Pepper, causing Lynn Farren to lose control of her vehicle and strike the front passenger side of plaintiff, Helen Palko's vehicle, resulting in serious personal injuries to the plaintiff, Helen Palko.

## COUNT I
## CLAIM AGAINST KATHLEEN PEPPER

9. Paragraphs 1 through 8 are incorporated herein by reference.

10. The direct and proximate cause of the accident was the negligence of the defendant, Kathleen Pepper, as follows:

(a) She operated a vehicle while under the influence of alcohol in violation of 21 Del. C. §4177(a);

(b) She operated the vehicle in a careless and imprudent manner, without due regard for the road, weather, and traffic conditions then existing, in violation of 21 Del. C. §4176(a);

(c) She failed to give full time and attention to the operation of the vehicle, in violation of 21 Del. C. §4176(b);

(d) She drove the vehicle in a willful and wanton disregard for the safety of persons and property on said roadway, in violation of 21 Del. C.§4175(a);

(e) She failed to maintain a proper lookout while operating the vehicle, in violation of 12 Del. C. §4176(b);

(f) She failed to yield the right-of-way to vehicles approaching on the

(g) She caused a vehicle to be moved that was stopped when such movement could not be made with reasonable safety in violation of 21 Del. C. §4154;

(h) She failed to keep the vehicle under proper and adequate control in violation of the common law duty of care she had to others on the roadway, including the plaintiff, Helen Palko;

(i) She failed to maintain and keep a proper lookout for other persons in the area in violation of the common law duty of care she had to others on the roadway, including the plaintiff, Helen Palko;

(j) She failed to operate her vehicle as a reasonable and prudent person under the circumstances in doing the aforesaid acts set forth in sub-paragraphs (a) through (i), in violation of the common law duty of care he had to others on the roadway, including the plaintiff, Helen Palko;

(k) She was otherwise negligent.

## COUNT II
## CLAIM AGAINST GORDON PEPPER

11. Paragraphs 1 through 10 are incorporated herein by reference.

12. At all times relevant, the defendant, Gordon Pepper, was the owner of the vehicle being operated by the defendant, Kathleen Pepper, at the time of the accident set forth in this Complaint.

13. At all times relevant to this litigation, Kathleen Pepper, was the agent, servant and/or employee of the defendant, Gordon Pepper.

14. The defendant, Gordon Pepper, is vicariously liable for the acts of his agent, servant and/or employee.

15. A proximate cause of the collision was the negligence of the defendant, Gordon Pepper, by entrusting his vehicle to Kathleen Pepper, whom he knew or should have known would act in a manner likely to cause injuries to third persons.

16. Defendant, Gordon Pepper, by entrusting his vehicle to a person whom he knew or should have known would act in a manner likely to cause injuries to third persons, acted in a manner which constituted willful and wanton disregard for the safety of others, including the plaintiff, Helen Palko.

## COUNT III
## CLAIM OF HELEN PALKO

17. Paragraphs 1 through 16 are incorporated herein by reference.

18. As a direct and proximate result of the defendants' negligence, plaintiff, Helen Palko, suffered severe personal injuries, both of a temporary and permanent nature, including but not limited to: a fracture at the base of the third right metatarsal, deformity of the left foot, left elbow pain, right ankle pain and swelling, right knee occult fracture or severe contusion, osteonecrosis of the right knee requiring possible future surgery, left knee pain, shoulder pain, abdominal pain, hypertrophy and edema.

19. As a consequence of her injuries, plaintiff, Helen Palko, has been required to undergo prolonged medical treatment.

20. As a further result of the defendants' negligence, plaintiff, Helen Palko, has experienced, continues to experience and is likely to experience in the future, substantial physical pain and suffering and discomfort.

21. As a further result of her injuries, plaintiff, Helen Palko, has experienced, continues to experience and is likely to experience in the future, emotional pain, suffering, anxiety, and nervousness.

22. As a further result of defendants' negligence, plaintiff, Helen Palko, has incurred and may in the future continue to incur, medical bills for the treatment of the injuries sustained in the accident.

23. As a further result of the defendants' negligence, plaintiff, Helen Palko, has suffered a loss of earnings and may in the future suffer a loss of earnings and an impairment of earning capacity.

WHEREFORE, plaintiff, Helen Paiko, respectfully request that this Court enter judgment against the defendants, Gordon Pepper and Kathleen Pepper, jointly and severally, for compensatory and special damages and the costs of this action, along with any additional relief that this Court may deem proper.

DOROSHOW, PASQUALE KRAWITZ & BHAYA

By: _____
ARTHUR M. KRAWITZ (I.D. 2440)
MATTHEW R. FOGG (I.D. 4254)
1202 Kirkwood Highway
Wilmington, Delaware 19805
(302) 998-0100
Attorneys for Plaintiff

DATED: 2/16/06

**CIVIL COVER SHEET**

JS 44 (Rev. 11/04)

06 109 —

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Helen Palko

**(b)** County of Residence of First Listed Plaintiff: Lancaster
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Arthur Krawitz, Matthew Fogg, 1202 Kirkwood Hwy., Wilmington, DE 19805
(302) 998-0100

## DEFENDANTS
Gordon Pepper and Kathleen Pepper

County of Residence of First Listed Defendant: Sussex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332(a)(1) and 1332(c)(1)
Brief description of cause:
Motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 2-16-06
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE